Filed 10/24/13  P. v. Zink CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B244979 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA125229) |
| v. | |
| KRISTA A. ZINK, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Michael L. Schuur, Temporary Judge.  (Cal. Const., art. VI, § 21.)  Affirmed.

Melissa J. Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Krista A. Zink appeals from the judgment of conviction following a jury trial. We affirm.

On June 8, 2012, at approximately 11:00 a.m., Sergeant Michael Mileski and Deputy Juan Sanchez of the Los Angeles County Sheriff's Department, along with several other deputies, executed a search warrant for a residence located on Longworth Avenue in the City of Norwalk. Defendant was identified in the search warrant. She lived in the residence with two other people. Just before the search warrant was served, the deputies observed a man and a woman (later determined to be defendant) leave the house in a pickup truck. Defendant was detained a few blocks away in the parking lot of a restaurant.

Defendant was placed in the back of a patrol car and driven back to the residence. She told the deputies that her boyfriend and another male were inside the house, and she gave them her keys to enter the house. During a search of the residence, four small baggies of a substance later determined to be methamphetamine were discovered in a master bedroom where defendant's boyfriend was also located and detained. Defendant was read her rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*). Defendant and the other individual residents of the home were placed under arrest and taken to the sheriff's station. Defendant was read her *Miranda* rights again. She waived those rights and agreed to speak with the deputies. She initially denied knowledge of the methamphetamine, but then admitted it was hers, and that she occasionally would sell some to friends to help pay bills.

On July 16, 2012, defendant was charged with one count of possession for sale of methamphetamine (Health & Saf. Code, § 11378). Defendant pled not guilty. Defendant moved to dismiss the information on the grounds there was no evidence showing an intent to sell. Defendant also moved to suppress the evidence recovered and the arrest of defendant made without a warrant. Both defendant and Deputy Sanchez testified at the hearing on the suppression motion. The motion to dismiss was denied, and the motion to suppress was granted in part, the court suppressing the cell phone recovered from defendant's purse at the time of her initial detention in the parking lot.

Trial by jury proceeded in October 2012. Sergeant Mileski and Deputy Sanchez testified, as did Aaron Lewis, the criminalist who analyzed the material in the four baggies and verified the contents as being methamphetamine. Defendant exercised her right not to testify and did not present any defense witnesses.

The jury acquitted defendant on the charge of possession for sale, but convicted defendant of the lesser included offense of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). The court suspended imposition of sentence and placed defendant on formal probation for one year and ordered drug counseling (Pen. Code, § 1210.1). The court also ordered defendant to pay various fines and fees. This timely appeal followed.

We appointed appellate counsel to represent defendant. Appointed counsel then filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that she reviewed the record and sent a letter to defendant explaining her evaluation of the record. Counsel further declared she advised defendant of her right, under *Wende*, to submit a supplemental brief within 30 days. Defendant did not file a supplemental brief.

We have examined the entire record and are satisfied that appointed counsel fully complied with her responsibilities in assessing whether or not any colorable appellate issues exist. We conclude there are no arguable appellate issues. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra,* 25 Cal.3d 436.)

**DISPOSITION**

The judgment of conviction is affirmed.


GRIMES, J.

We concur:

BIGELOW, P. J.


RUBIN, J.

3